[No. 29521-1-II.   Division Two.   November 12, 2003.]

TEAMSTERS, CHAUFFEURS, WAREHOUSE AND HELPERS UNION LOCAL NO. 313, *Appellant*, v. THE DEPARTMENT OF CORRECTIONS, ET AL., *Respondents*.

*Anne E. Senter* (of *Rinehart & Robblee, P.L.L.C.*) and *Spencer N. Thal* (of *Teamsters Local 117*), for appellant.

*Christine O. Gregoire, Attorney General,* and *Lawrence W. Paulsen, Assistant,* for respondents.

MORGAN, J. — Teamsters Local No. 313 (the Union) sued the Departments of Personnel, Financial Management, and Corrections for not properly adopting salary schedules that reflect prevailing wage rates. The trial court granted the defendants' motion for summary judgment. We affirm, addressing each department separately.

■ We first address the Department of Personnel (DOP). RCW 41.06.150 and RCW 41.06.160 require DOP to adopt and recommend to the governor and the director of financial management salary schedules that reflect prevailing wage rates. Whatever schedules DOP adopts are "subject to approval" by the director of financial management, by the governor (because the governor ultimately controls what the director of financial management sends to the legislature), and ultimately by the legislature itself.[1] The record in this case shows, so clearly that reasonable minds could not differ, that DOP adopted and forwarded to the director of financial management, the governor, and the legislature *recommended* salary schedules, including "applied survey

---

[1] RCW 41.06.150(14) (formerly RCW 41.06.150(17) (2002)).

salary ranges,"[2] that compared the salaries of state employ-
ees with prevailing wage rates. These salary schedules
included and thus "reflected" prevailing wage rates, just as
the law requires. DOP did not breach any duty, and the trial
court properly dismissed it as a defendant.

We next address the Department of Financial Manage-
ment (OFM). It has statutory authority to approve salary
schedules "in accordance with [chapter 43.88 RCW.]"[3] The
Union has not shown that OFM deviated from that author-
ity. OFM did not breach any duty, and the trial court
properly dismissed it as a defendant.

We next address the Department of Corrections (DOC).
As the Union acknowledges, DOC can pay only those sal-
aries that the legislature has chosen to fund. The Union has
not shown, or even argued, that DOC is paying salaries
different from those the legislature has chosen to fund.
DOC did not breach any duty, and the trial properly
dismissed it as a defendant.

■ The Union's real assertion is that one or more of the
defendants must not only adopt and *recommend*, but also
*implement*, a salary schedule that reflects prevailing wage
rates. In our view, however, the implementing body is the
legislature and not any of the defendant departments.
Accordingly, we find no error.

Affirmed.

BRIDGEWATER and ARMSTRONG, JJ., concur.

---

[2] Br. of Resp't at 10.

[3] RCW 41.06.150(14) (formerly RCW 41.06.150(17) (2002)).